IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON SHRADER, #245505, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-138-WHA-JTA |
| | ) | |
| CLIFF WALKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| JASON SHRADER, #245505, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-139-WHA-JTA |
| | ) | |
| CHARLES GRADDICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Due to the similarity of the clams presented in the complaints, the court consolidated the above styled 42 U.S.C. § 1983 actions for review. In these complaints, Jason Shrader, a state inmate currently incarcerated at the Staton Correctional Facility, challenges the failure of the defendants to hold an open hearing to consider him for parole in June of 2020, two years from his last parole consideration date, and seeks his release on parole. Shrader

---

[1] All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

names Cliff Walker, Dwayne Spurlock and Leigh Gwathney, members of the Alabama Board of Pardons and Paroles, and Charles Graddick, the former director of the parole board, as defendants. Doc. 1 at 2. Shrader seeks monetary damages, a prompt parole consideration date, and his release on parole. Doc. 1 at 6.

Upon thorough review of the claims presented by Shrader, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[2]

## II.  DISCUSSION

### A.  Request for Monetary Damages

**1. Official Capacity Claims – Sovereign Immunity**

With respect to Shrader's request for monetary damages from defendants Walker, Spurlock, Graddick and Gwathney in their official capacities for decisions related to the scheduling of a parole consideration date and the suitability of Shrader for release on parole, they are entitled to sovereign immunity. Official capacity lawsuits against state employees are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are

---

[2] This court granted Shrader leave to proceed *in forma pauperis*. Thus, the court is obligated to screen the complaints for possible summary dismissal. 28 U.S.C. § 1915(e). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

> two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, a state official may not be sued in his/her official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (holding consent is prohibited by the Alabama Constitution). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir.1990)). In light of the foregoing, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity). Such requests for monetary

damages from the defendants in their official capacities are therefore subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

## 2. Individual Capacity Claims

Insofar as Shrader seeks monetary damages from defendants Walker, Spurlock, Graddick and Gwathney in their individual capacities for actions relative to the parole consideration process and/or the denial of parole, he is likewise entitled to no relief. The Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions relative to parole consideration, including decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307, 1310 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101–02 (5th Cir. 1974). Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore immune from damages. Consequently, Shrader's requests for monetary damages against the defendants in their individual capacities are also due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.  Parole Consideration Date

To the extent Shrader argues he is entitled to a specific parole consideration date, this claim likewise entitles him to no relief, as it is foreclosed by *Slocum v. Ga. State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982). In *Slocum*, the Eleventh Circuit deemed such a "unique theory . . . without merit." 678 F.2d at 942. The relevant portion of the Court's opinion reads as follows:

> Petitioner argues that even if there is no statutorily created liberty interest in parole, particular [statutory parole] provisions . . . create a protectable entitlement to parole consideration. Specifically, petitioner cites the requirement . . . that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language . . . that the board include in the parole file "as complete information as may be practically available. . . ." If these provisions create a protectable expectancy in parole consideration, petitioner argues that the consideration must comport with due process standards. Petitioner's unique theory is without merit. Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S. Ct. 308, 50 L. Ed. 2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner['s] . . . allegation that the . . . parole board has not accorded him adequate parole consideration does not entitle him to [relief].

*Slocum*, 678 F.2d at 941–42.

Shrader does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution. *Heard v. Georgia State Board of Pardons and Paroles*, 222 F. App'x 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 941–942 (11th Cir. 1987); *Thomas v. Sellers,* 691 F.2d 487, 488–89 (11th Cir. 1983). Absent the existence of a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum*,

678 F.2d at 941–42; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (holding that because applicable Texas parole statutes confer "no liberty interest in obtaining parole" Texas inmate could not "complain of the constitutionality of procedural devices attendant to parole decisions."). Thus, the due process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, 691 F.2d at 488–89, or the parole consideration process. *Slocum*, 678 F.2d at 941–42. As is relevant to this claim, the failure to provide parole review within the time required under parole rules or to properly calculate the presumptive date of release on parole does not constitute a violation of due process. *Slocum*, 678 F.2d at 942.

### C. Release on Parole

In accordance with well-established law, Shrader's claim alleging entitlement to release on parole is not properly before the court in a 42 U.S.C. § 1983 action. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In sum, applicable federal law provides that claims seeking release from imprisonment must be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *See Heck,* 512 U.S. at 481 (The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards,* 520 U.S. at 645 (The sole remedy in federal court for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding

that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his current incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized in *Balisok* "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of the adverse action resulting in his incarceration])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct [resulting in confinement] or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

The principles espoused in *Heck* and *Balisok* foreclosing review of claims which go to the fundamental legality of a prisoner's confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of [the adverse parole decision] . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not

7

been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding "*Heck* applies to proceedings that call into question the fact or duration of parole."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) (holding that when "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [or denying Plaintiff's] parole and ordering him back to [or released from] prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the [adverse] parole [decision] 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) (finding "*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

Under the circumstances of this case, *Heck* and its progeny bar Shrader's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack in which he asserts his entitlement to release on parole. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged action] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, Shrader's challenges to the

constitutionality of his current imprisonment due to a denial of parole are not cognizable in this civil action as these challenges provide no basis for relief at this time and such challenges are therefore due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims for monetary damages from defendants Cliff Walker, Dwayne Spurlock, Charles Graddick and Leigh Gwathney for any decisions related to parole consideration or release on parole be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).

2. Plaintiff's clams alleging violations of his constitutional rights with respect to the setting of a specific date for parole consideration be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's clams alleging violations of his constitutional rights regarding release on parole be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) to the rights of Plaintiff to seek relief in an appropriate cause of action.

4. This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

---

[3] Shrader is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

On or before **March 13, 2021**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE